IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 05-00027-CR-W-HFS |
| DANIEL MARTINO, | ) | |
| Defendant. | ) | |

**MEMORANDUM TO COUNSEL**

A major issue at sentencing Wednesday will be which Guideline Manual to use. If defendant or the Government has any citation(s) supporting the theory of the plea agreement that a Guideline Manual issued some years before the end of the conspiracy should be used, I would like to see such case-law.

The facts are rather vaguely presented. The most favorable scenario would be that defendant Daniel Martino participated in a plan and engaged in some conduct in September, 1998, creating a fraudulent course of conduct. Although I might assume nothing was done by him in the years 2000-2004 to advance the scheme, and that he left the consummation of the scheme to others, there is nothing to suggest his withdrawal from the conspiracy or his belief that it was no longer ongoing.

I can imagine an argument that one should only be punished for one's own misconduct, which seems to be the theory used in the plea agreement, but it may seem more persuasive that the initiator of misconduct that continues until 2004 should be punished for the continuing misconduct. Withdrawal from the conspiracy might be the only basis for not using a level of punishment

enhanced after the initiation but while the conspiracy was ongoing. See United States v. Olis, 2005 WL 2842077 (5th Cir. 2005); Carrozza v. United States, 1996 WL 194295 (S.D. N.Y. 1996).

Absent some case-law from the Government or defendant I may infer that there is no case-law favoring defendant on the question under consideration.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

November 21, 2005

Kansas City, Missouri